GARY T. LAFAYETTE (SBN 88666)
BARBARA L. LYONS (SBN 173548)
LAFAYETTE & KUMAGAI LLP
1300 Clay Street, Suite 810
Oakland, California 94612
Telephone:   (415) 357-4600
Facsimile:   (415) 357-4605

Attorneys for Defendants
PBF ENERGY LIMITED and
TORRANCE REFINING COMPANY LLC

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| MICHELLE KENDIG and JIM KENDIG, individually and on behalf of all similarly situated current and former employees,<br><br>Plaintiffs,<br><br>v.<br><br>EXXONMOBIL OIL CORP.; EXXONMOBIL PIPELINE COMPANY; PBF ENERGY LIMITED; TORRANCE REFINING COMPANY, LLC; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. _____<br><br>**NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT**<br><br>**[Class Action Fairness Act of 2005]**<br><br>(Los Angeles Superior Court Case No. BC 722119)<br><br>State Court action filed: September 18. 2018<br>Process served: September 27, 2018 |

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1441(a) and 1446, Defendants PBF ENERGY LIMITED ("PBF Energy") and TORRANCE REFINING COMPANY LLC ("Torrance Refining") hereby remove to this Court the state court action pending in the Superior Court of the State of California, County of Los Angeles, titled *Michelle Kendig and Jim Kendig, individually and on behalf of all similarly situated current and former employees, Plaintiffs, v. ExxonMobil Oil Corp.; ExxonMobil Pipeline Company; PBF Energy Limited; Torrance Refining Company, LLC, and Does 1 to 10, inclusive, Defendants*, Los Angeles Superior Court Case No. BC 722119 (the "Action").

**PROCEDURAL BACKGROUND AND GROUNDS FOR REMOVAL**

1.  Plaintiffs MICHELLE KENDIG and JIM KENDIG ("Plaintiffs") commenced the Action in the Superior Court of the State of California, County of Los Angeles, on or about September 18, 2018 by filing a Class Action Complaint for Damages, Restitution, and Injunctive Relief (the "Complaint").

2.  As shown herein, the Action is a civil action of which this Court has original jurisdiction pursuant to the Class Action Fairness Act of 2005's ("CAFA's") diversity jurisdiction provisions (28 U.S.C. § 1332(d)), and is one which may be removed to this Court by PBF Energy and Torrance Refining pursuant to 28 U.S.C. § 1441(a).

**TIMELINESS OF REMOVAL**

3.  PBF Energy and Torrance Refining were served with the Summons and Complaint in the Action on September 27, 2018. True and correct copies of the Summons, Complaint and related case documents served upon PBF Energy and Torrance Refining are attached hereto collectively as **Exhibits A through D**. Neither PBF Energy nor Torrance Refining has filed any pleadings or other papers in the Action, nor do they know any other Defendant having filed any responsive pleading or papers.

///

///

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
1300 CLAY STREET, SUITE 810
OAKLAND, CALIFORNIA 94612
(415) 357-4600
FAX (415) 357-4605

1
NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT
[Class Action Fairness Act of 2005]

4. This Notice of Removal has been filed within thirty (30) days after PBF Energy and Torrance Refining were served with Summons and Complaint, and it is therefore timely under 28 U.S.C. §1446(b)(1).

**JOINDER IN OR CONSENT TO REMOVAL**

5. Plaintiffs have also named EXXONMOBIL OIL CORP. and EXXONMOBIL PIPELINE COMPANY as Defendants. Pursuant to 28 U.S.C. § 1453(b), all defendants do not need to consent or join in removal under CAFA. Nevertheless, counsel to PBF Energy and Torrance Refining is informed that those Defendants have consented to the removal of this action and will join in the removal.

**SERVICE ON PLAINTIFFS' COUNSEL AND TRIAL COURT**

6. In accordance with 28 U.S.C. § 1446(d), the undersigned counsel certifies a copy of this Notice of Removal and all supporting pleadings will be promptly served on Plaintiffs' counsel and filed with the Clerk of the Los Angeles Superior Court. Thereupon, all procedural requirements under 28 U.S.C. § 1446 will be satisfied.

**ORIGINAL JURISDICTION**

**UNDER THE CLASS ACTION FAIRNESS ACT (28 U.S.C. § 1332(d))**

7. CAFA vests a district court with original jurisdiction of a class action where: (a) "the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest or costs" (28 U.S.C. § 1332(d)(2)); and (b) "any member of a class of Plaintiffs is a citizen of a State different from any Defendant (28 U.S.C. § 1332(d)(2)(A); *see Luther v. Countrywide Home Loans Servicing LP*, 553 F.3d 1031, 1033-1034 (9th Cir. 2008) ("complete diversity is not required")); (c) the primary defendants are not "States, State officials, or other governmental entities against whom the district court may be foreclosed from ordering relief" (28 U.S.C. § 1332(d)(5)(A)); and (d) "the number of members of all proposed plaintiff classes is in the aggregate" at least 100 (28 U.S.C. § 1332(d)(5)(B)). The Action satisfies all four criteria for CAFA removal of a class action.

/ / /

/ / /

2
NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT
[Class Action Fairness Act of 2005]

**A.     Class Action.**

The Complaint concerns alleged breaches of Defendants' "obligations to authorize and permit rest periods and to furnish timely and accurate wage statements, pursuant to California Labor Code §§ 226, 226.3, [and] 226.7, and California Industrial Welfare Commission Wage Order No. 1-2001 ('Wage Order 1-2001') to operators at [their] California Refineries." (Complaint (Exh. A), ¶ 2 at 1:10-13.) Plaintiffs include claims for: (1) Failure to Authorize and Permit Rest Periods (California Labor Code § 226.7, Wage Order 1-2001) (*id.*, ¶¶ 33-39 at 8:1-9:8); (2) Failure to Furnish Accurate Wage Statements (California Labor Code § 226) (*id.*, ¶¶ 40-42 at 9:9-26); (3) penalties under the Labor Code Private Attorneys General Act (California Labor Code §§ 2698 *et seq.*) (*id.*, ¶¶ 43-48 at 10:1-11:3); and (4) violation of the Unfair Competition Law (California Business and Professions Code §§ 17200 *et seq.*). (*Id.*, ¶¶ 49-59 at 11:4-13:1.)

8.     Plaintiffs bring the Action as a putative class action. (Complaint (Exh. A), ¶ 1-4 at 1:2-21), ¶ 4 at 2:3-7, ¶ 20 at 4:18-21, ¶¶ 21-22 at 5:1-6.)

**B.     Class Size.**

9.     Plaintiffs define their proposed class as:

All current and former hourly employees of ExxonMobil Oil Corporation ExxonMobil Pipeline Company, PBF Energy Limited, or Torrance Refining Company LLC, who worked 12-hour rotating shifts at the Torrance refinery, distribution, and pipeline facilities, since September 18, 2014.

(Complaint (Exh. A), ¶ 4 at 2:3-7, ¶ 22 at 5:3-6.)

10.     Plaintiffs allege that the class includes an estimated 500 to 1,000 members. (Complaint (Exh. A), ¶ 23 at 5:7.)

11.     On February 22, 2018, 131 operators worked at the Torrance Refinery. (Declaration of John Schibinger in Support of Notice of Removal of Civil Action to Federal Court, dated October 26, 2018 ("Schibinger Decl."), ¶ 4 at 1:19-23.) This reflected typical, day-to-day operator staffing levels at the refinery. (*Ibid.*)

/ / /

3
NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT
[Class Action Fairness Act of 2005]

12. Based on the foregoing, the number of class members is at least 100, and the Action meets CAFA's numerosity requirement. 28 U.S.C. § 1332(d)(5)(B).

**C.     CAFA Amount in Controversy.**

13. The alleged amount in controversy, exclusive of interest and costs, exceeds $5,000,000 in the aggregate. "In measuring the amount in controversy, a court must assume that the allegations of the complaint are true and that a jury will return a verdict for the plaintiff on all claims made in the complaint." *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F.Supp.2d 993, 1001 (C.D. Cal. 2002) (citation omitted). In a wage and hour case, the amount in controversy "is determined by the complaint operative at the time of removal and encompasses all relief a court may grant on that complaint if the plaintiff is victorious." *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 414-15 (9th Cir. 2018).

14. Although Plaintiffs do not specify a total amount in controversy, the Complaint's allegations demonstrate that this case satisfies the $5,000,000 CAFA threshold (28 U.S.C. § 1332(d)(2)). *See Roth v. CHA Hollywood Med. Ctr., L.P.*, 720 F.3d 1121, 1125 (9th Cir. 2013) (a plaintiff should not be able to "prevent … removal by failing to reveal information showing removability and then objecting to removal when the defendant has discovered that information on its own"; declarations by Vice President of Human Resources and General Counsel sufficed to establish amount in controversy in excess of $5,000,000). Furthermore, a defendant noticing removal need only include a "plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co. v. Owens*, —U.S.—, 135 S.Ct. 547, 554, 190 L.Ed.2d 495 (2014). "Evidence establishing the amount is required by [28 U.S.C.] § 1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation." *Ibid.*

15. Here, Plaintiffs have identified a large class of putative class members, whose claims "shall be aggregated to determine whether the matter in controversy exceeds the sum of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(6).

/ / /

16. For each shift of more than three and one half hours worked during the four-plus year class period that began September 18, 2014, Plaintiffs claim one hour of premium pay for each member of the estimated 500 to 1,000-member class. (Complaint, ¶ 22-23 at 5:3-9, ¶¶ 34-39 at 8:7-9:7, and Prayer, ¶ 4-5 at 13:9-13.)

17. The Torrance refinery operates 24 hours a day, every day of the year, and operator staffing levels are consistent from day to day. (Schibinger Decl., ¶ 4 at 1"19-23.) On an average day (February 22, 2018), a total of 131 operators worked at the refinery. (*Ibid.*.)

18. Torrance Refining has calculated potential damages based on an average of 130 operators working each day for 365 days/year during each day of the approximate four-year class period. Under the relevant collective bargaining agreements, the range of base hourly wage for operators working at the Torrance refinery during the class period was as follows:

|         | Beginning 9/18/14 | Effective 4/1/15 | Effective 7/1/2016 | Effective 2/1/2017 | Effective 2/1/2018 |
|---------|-------------------|------------------|--------------------|--------------------|--------------------|
| Lowest  | $33.71            | $34.56           | $35.60             | $36.66             | $37.95             |
| Highest | $42.13            | $43.19           | $44.49             | $45.82             | $47.42             |

(Scheibinger Decl., ¶ 2 at 1:8-13 and Exh. A (2015 Collective Bargaining Agreement) at p. 51, 2 at 1:8-13 and Exh. B (2016 Collective Bargaining Agreement) at p. 51.)

Assuming a $35.00 base hour rate (a bit less than the average of the five lowest applicable rates), the smallest amount of class premium pay damages would be:

$$\$35.00 * 130 * 365 * 4 = \$6,643,000$$

Therefore, Plaintiff's premium wage claim alone exceeds $5,000,000, and it satisfies the 28 U.S.C. § 1332(d)(2) amount in controversy prerequisite.

19. In addition, Plaintiffs claim damages or penalties pursuant to Labor Code § 226(e) on their wage statement claim. (Complaint, ¶ 42 at 9:21-15.) As Plaintiffs plead no facts to show damages, the penalty calculation provides the relevant framework. Those penalties are "fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100)

5
NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT
[Class Action Fairness Act of 2005]

per employee for each violation in a subsequent pay period, not to exceed an aggregate penalty of four thousand dollars ($4,000)." Cal. Lab. Code § 226(e). As Torrance Refinery pays its operators biweekly, there are 26 pay periods in a year, assuming the first violation was in the first pay period, the annual penalty accrual was at least $2,550 per employee ($50 + (25 * $100). Conservatively assuming 250 workers per pay period (one-fourth of the estimated class), 26 pay periods per year, the annual penalty accrual was at least $637,500.

20. Plaintiffs also seek attorneys' fees and costs pursuant to California Labor Code §§ 226(e) 226(h), and 2699(g)(1), and California Code of Civil Procedure § 1021.5. (Complaint, ¶ 47 at 10:24-25 and Prayer, ¶ 13 at 13:27-29.) Attorneys' fees, both pre- and post-removal, are included in calculating the amount in controversy. *Fritsch v. Swift Transp. Co of Ariz., LLC*, 899 F.3d 785, 794 (9th Cir. 1998). A 25% benchmark is common in wage and hour class actions. *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1029 (9th Cir. 1998); *Victoria E. Lucas v. Michael Kors (USA), Inc.*, No. CV 18-1608 MWF (MRWx), 2018 WL 2146403, at *12 (C.D. Cal. May 9, 2016). The total premium pay claim alone is at least is $6,643,000. Twenty-five percent of this is $1,660,750.00.

21. Lastly, Plaintiffs pray for penalties under the Unfair Competition Law (Cal. Bus. & Prof. §§ 17200 *et seq.*): "pursuant to California Business & Professions Code section 17206 [civil penalty of $2,500 per violation in action 'brought in the name of the people of the State of California by the Attorney General]']." (Complaint, Prayer, ¶ 7 at 13:7-9.) *Whether or not* a private plaintiff may sue for these penalties, assuming only one violation per plaintiff and 500 class members, by including that prayer Plaintiff has increased the amount in controversy by at least $1,250,000 ($2,500 * 500).

22. As the monetary relief Plaintiffs seek is at least:
    (a)    $6,643,000 in premium wages on "on duty" rest breaks; plus
    (b)    $637,500 or more for alleged wage statement violations; plus
    (c)    $1,250,000 in alleged UCL penalties; plus
    (d)    At least $1,660,750 in class counsel's fees,

the total amount in controversy exceeds $5,000,000, and the Action satisfies the CAFA amount in controversy requirement (28 U.S.C. § 1332(d)(2)).

**D.   CAFA Diversity.**

23.   Diversity exists under 28 U.S.C. § 1332(d)(2)(A) where "any member of a class of plaintiffs is a citizen of a State different from any defendant."

24.   <u>Plaintiffs' Citizenship.</u> Both named Plaintiffs are citizens of the State of California, as they reside in Torrance, California and have worked at the Torrance Refinery for 21 and 25 years, respectively. (Complaint (Exh. A), ¶¶ 1-3 at 1:23-26, ¶ 31 at 7:2-3, ¶ 32 at 7:14-15.)

25.   The class of operators Plaintiffs seek to represent only includes individuals who have worked in Torrance, Los Angeles County, California within the past four years. (Complaint (Exh. A), ¶ 1 at 1:6-9, ¶ 4 at 2:3-7, ¶ 13 at 3:21-24, ¶ 22 at 5:3-6.)

26.   <u>Defendants' Citizenship</u>. Under 28 U.S.C. § 1332(c)(1), "a corporation shall be deemed to be a citizen of any State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." Plaintiffs allege and admit that PBF Energy is a corporation formed under the laws of the Province of British Columbia, Canada. (Complaint ¶ 7 at 2:17-18.) PBF Energy's principal place of business is at 1 Sylvan Way, 2nd Floor, Parsippany, New Jersey. (Declaration of Darren Stroud in Support of Notice of Removal of Civil Action to Federal Court, dated October 26, 2018 ("Stroud Decl."), ¶ 3 at 1:19-21.) Therefore, PBF Energy is a citizen of Canada and New Jersey for diversity jurisdictional purposes, and is a citizen of a different country than Plaintiffs.

27.   Defendant Torrance Refining is a limited liability company organized and existing under the laws of the State of Delaware. (Complaint (Exh. A), ¶ 8 at 2:22-23.) Its principal place of business is at 1 Sylvan Way, 2nd Floor, Parsippany, New Jersey. (Stroud Decl., ¶ 2 at 1:8-10.) However, for diversity jurisdiction purposes, a limited liability company "is a citizen of every state of which its owners/members are citizens." *Johnson v Columbia Props. Anchorage LP*, 437 F.3d 894, 899 (9th Cir. 2006). Torrance Refining's is a subsidiary of PBF Energy Western Region LLC, a Delaware limited liability company having its principal place of business at 1 Sylvan Way, 2nd

Floor, Parsippany, New Jersey. (Stroud Decl., ¶ 2 at 1:10-12.) PBF Energy Western Region LLC's is a subsidiary of PBF Holding Company LLC, a Delaware limited liability company having its principal place of business at 1 Sylvan Way, 2nd Floor, Parsippany, New Jersey. (*Id.*, ¶ 2 at 1:12-14.) PBF Holding Company LLC's is a subsidiary of PBF Energy Company LLC, a Delaware limited liability company having its principal place of business at 1 Sylvan Way, 2nd Floor, Parsippany, New Jersey. (*Id.*, ¶ 2 at 1:14-17.) PBF Energy Company LLC's is a subsidiary of PBF Energy Inc., a Delaware corporation having its principal place of business at 1 Sylvan Way, 2nd Floor, Parsippany, New Jersey. (*Id.*, ¶ 2 at 1:17-18.) Therefore, pursuant to 28 U.S.C. § 1332(c)(1), Torrance Refining is a citizen of the States of Delaware and New Jersey for diversity jurisdictional purposes, and is a citizen of a different state than Plaintiffs.

28. Diversity of citizenship exists under 28 U.S.C. § 1332(d)(2)(A) inasmuch as Plaintiffs are citizens of California, Defendant PBF Energy is a citizen of Canada and New Jersey, and Defendant Torrance Refining is a citizen of Delaware and New Jersey.

29. In addition, Plaintiffs and Defendants are fully diverse. PBF Energy and Torrance Refining are citizens of New Jersey, Canada, and/or Delaware. (See ¶¶ 26-27, infra.) The Complaint alleges that the Exxon Defendants both are Delaware corporations having their principal places of business in the State of Texas. (Complaint, ¶¶ 6-7 at 2:13-22.) Counsel to PBF Energy and Torrance Refining is informed that Defendant ExxonMobil Oil Corporation is a New York corporation. Therefore, the Exxon Defendants are citizens of Delaware, New York, and Texas. 28 U.S.C. § 1332(c)(1). Accordingly, this case satisfies the complete diversity jurisdictional prerequisite. 28 U.S.C. § 1332(a).

## ORIGINAL JURISDICTION
## UNDER THE GENERAL DIVERSITY STATUTE (28 U.S.C. § 1332(a))

30. A defendant may also remove an action to federal court when the amount in controversy exceeds $75,000 and the parties are otherwise diverse. 28 U.S.C. § 1332(a); see *Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1021 n. 4 (9th Cir. 2007) ("Federal diversity jurisdiction still exists for other class actions that satisfy the general diversity jurisdiction

8
NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT
[Class Action Fairness Act of 2005]

provision of § 1332(a) (citing *Snyder v. Harris,* 394 U.S. 332, 340 (1969) for the proposition that "in class actions under [28 U.S.C. § 1332(a), only the citizenship of the named parties counts for purposes of determining "'complete diversity'"). If one plaintiff's claims exceed $75,000, the court may exercise supplemental jurisdiction over the remaining plaintiff's claims. *Exxon Mobil Corp. v. Allapattah Svcs, Inc.*, 545 U.S. 546, 549 (2005) "where the other elements of jurisdiction are present and at least one named plaintiff in the action satisfies the amount-in-controversy requirement, [28 U.S.C. § 1367] does authorize supplemental jurisdiction over the claims of other plaintiffs in the same Article III case or controversy, even if those claims are for less than the jurisdictional amount specified in the statute setting forth the requirements for diversity jurisdiction").

31. The amount in controversy on Plaintiff James Kendig's claims clearly exceeds $75,000. He alleges he has been employed at the Torrance Refinery for approximately 25 years. (Complaint, ¶ 32 at 7:14-15.) His hourly wages during the class period, and number of scheduled shifts from September 18, 2014 through October 26, 2018 were:

|  | Beginning 9/18/14 | Effective 5/1/15 | Effective 2/1/16 | Effective 2/1/2017 | Effective 2/1/2018 | Total |
|---|---|---|---|---|---|---|
| Rate | $37.56 | $38.50 | $39.66 | $40.84 | $42.27 | N/A |
| Number of Shifts | 56 | 165 | 202 | 203 | 168 | 794 |
| Total | $2,103.36 | $6,352.50 | $8,011.32 | $8,290.52 | $7,101.36 | $31,859.06 |

(Schibinger Decl., ¶ 5 at 1:24-2:5 and Exh. A.) Accordingly, the amount in controversy on Mr. Kendig's rest break period pay is at least $31,859.06.

32. Mr. Kendig has a personal claim for damages or penalties for alleged wage statement violations under Labor Code § 226(e), as well on their wage statement claim. (Complaint, ¶ 42 at 9:21-15.) His personal penalty claim would be at least $2,550, and as much as $4,000.00.

33. Plaintiffs also seek to recover penalties otherwise payable to the California Labor and Workforce Development Agency under California's Labor Code Private Attorneys General

9
NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT
[Class Action Fairness Act of 2005]

Act (Labor Code §§ 2698 *et seq.*), more specifically, Labor Code § 2699, "equal to the penalties provided in Labor Code §§ 226.3 [civil penalty payable to the Labor Commissioner "in the amount of two hundred fifty dollars ($250) per employee per violation in an initial citation and one thousand dollars ($1,000) per employee for each violation in a subsequent citation, for which the employer fails to provide the employee a wage deduction statement"], 558 [wage underpayment penalty under Labor Code § 558, subds. (a)(1)-(2); "[f]or any initial violation, fifty dollars ($50) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages," plus $100 per employee per pay period for each subsequent violation"]; and 2699(f) [where the Labor Code does not otherwise set the amount, default PAGA penalty under Labor Code § 2699, subd. (f)(2) of "one hundred dollars ($100) for each aggrieved employee per pay period for the initial violation and two hundred dollars ($200) for each aggrieved employee per pay period for each subsequent violation"] and Wage Order 1-2001 [Cal. Code Regs., tit. 8, § 11010, subd. 20(A)(1)-(2) [civil penalties pursuant to California Labor Code § 1199 of "$50.00 for each underpaid employee for each pay period during which the employee was underpaid in addition to the amount which is sufficient to recover unpaid wages" for an initial violation, and $100.00 per pay period per employee for each subsequent violation]". (Complaint, ¶ 47 at 10:24-25 and Prayer, ¶ 7 at 13:15-16; see also *id.*, ¶ 39 at 9:3-7 (premium wage nonpayment penalties).) Assuming the PAGA penalties payable on alleged violations for each "aggrieved employee" are $200 for each of the 26 pay periods in the one-year limitations period, total PAGA penalties payable on Mr. Kendig claim would be $5,200. His 25% share of those penalties would be $1,300.00.

34. In addition, Mr. Kendig's UCL penalty claim would

35. In addition to the $38,309.06 minimum amount in controversy on the rest period, wage statement, UCL, and PAGA claims, Mr. Kendig claims statutory attorneys' fees on those claims. In light of the number of claims at issue, the venue, and the sophistication and experience of his counsel, if recoverable attorneys' fees would clearly exceed $40,000.

///

10
NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT
[Class Action Fairness Act of 2005]

36. In addition, Plaintiffs and Defendants are fully diverse. PBF Energy and Torrance Refining are citizens of New Jersey, Canada, and/or Delaware. (See ¶¶ ___, infra.) The Exxon Defendants both are Delaware corporations having their principal places of business in the State of Texas. (Complaint, ¶¶ 6-7 at 2:13-22.) Therefore, they are citizens of those States. 28 U.S.C. § 1332(c)(1). Accordingly, this case satisfies the complete diversity jurisdictional prerequisite. 28 U.S.C. § 1332(a).

## VENUE AND INTRADISTRICT ASSIGNMENT

37. Venue of this action lies in the United States District Court for the Central District of California pursuant to 28 U.S.C. § 1446(a), because the State court from which the Action is removed is located in this District.

38. Assignment to the Western Division is appropriate, as the Action was filed in, and the events or omissions which give rise to Action, allegedly occurred in the County of Los Angeles. (Complaint (Exh. A), ¶ 12 at 3:14-19.)

## STATE COURT DOCUMENTS

39. In accordance with 28 U.S.C. § 1446(a), PBF Energy and Torrance Refining attach to this Notice the following documents, which are all the process, pleadings, and orders served upon them in the Action:

   a) **Exhibit A** – Class Action Complaint.
   b) **Exhibit B** – Summons.
   c) **Exhibit C** – Proof of Service on PBF Energy.
   d) **Exhibit D** – Proof of Service on Torrance Refining.

## SERVICE OF NOTICE OF REMOVAL

40. In accordance with 28 U.S.C. § 1446(d), the undersigned counsel certifies that a copy of this Notice of Removal and all supporting pleadings will be promptly served on Plaintiff's counsel and other Defendants not joining in this removal and filed with the Clerk of the Los Angeles Superior Court. Therefore, all procedural requirements under 28 U.S.C. § 1446 will be satisfied.

11
NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT
[Class Action Fairness Act of 2005]

1  WHEREFORE, PBF Energy and Torrance Refining remove the Action, now pending in the Superior Court of the State of California for the County of Los Angeles, to this Court.

Dated: October 26, 2018.                    LAFAYETTE & KUMAGAI LLP


By:   */s/ Gary T. Lafayette*
      Gary T. Lafayette
      Attorneys for Defendants
      PBF ENERGY LIMITED and
      TORRANCE REFINING COMPANY LLC

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
1300 CLAY STREET, SUITE 810
OAKLAND, CALIFORNIA 94612
(415) 357-4600
FAX (415) 357-4605

12
NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT
[Class Action Fairness Act of 2005]