# EXHIBIT "A"

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

SEP 1 8 2018

Sherri R. Carter, Executive Office/Clerk
By: _____, Deputy
Betany Smith

1  JAY SMITH (CA Bar No. 166105)
   (Email: js@gslaw.org)
2  JOSHUA F. YOUNG (CA Bar No. 232995)
   (Email: jyoung@gslaw.org)
3  **GILBERT & SACKMAN**
   **A LAW CORPORATION**
4  3699 Wilshire Boulevard, Suite 1200
   Los Angeles, California 90010
5  Telephone: (323) 938-3000
   Fax: (323) 937-9139
6
   RANDY RENICK (CA Bar No. 179652)
7  (Email: rrr@hadsellstormer.com)
   CORNELIA DAI (CA Bar No. 207435)
8  (Email: cdai@hadsellstormer.com)
   **HADSELL STORMER & RENICK, LLP**
9  128 North Fair Oaks Avenue, Suite 204
   Pasadena, California 91103-3645
10 Telephone: (626) 585-9600
   Fax: (626) 577-7079
11
   Attorneys for Plaintiffs Michelle Kendig and
12 Jim Kendig
13            **SUPERIOR COURT OF THE STATE OF CALIFORNIA**
14        **FOR THE COUNTY OF LOS ANGELES – CENTRAL DISTRICT**
15
16 MICHELLE KENDIG and JIM KENDIG,          Case No. BC 722119
17 individually and on behalf of all similarly situated
   current and former employees,            CLASS ACTION
18
                    Plaintiffs,             **CLASS ACTION COMPLAINT FOR**
19                                          **DAMAGES, RESTITUTION, AND**
           v.                               **INJUNCTIVE RELIEF**
20
   EXXONMOBIL OIL CORP.; EXXONMOBIL         1.   Failure to Authorize and Permit Rest
21 PIPELINE COMPANY; PBF ENERGY                  Periods (Lab. Code §§ 226.7, IWC Wage
   LIMITED; TORRANCE REFINING COMPANY,           Order 1-2001);
22 LLC, and DOES 1 through 10, inclusive,   2.   Failure to Furnish Accurate Wage
                                                 Statements (Lab. Code. §§ 226 and 226.3)
23                  Defendants.             3.   Private Attorneys General Act (Lab. Code
                                                 § 2698 *et seq.*);
24                                          4.   Violation of the California Unfair
                                                 Competition Law (Bus. & Prof. Code
25                                               § 17200 *et seq.*)
26                                          DEMAND FOR JURY TRIAL
27
28

CLASS ACTION COMPLAINT FOR DAMAGES, RESTITUTION AND INJUNCTIVE RELIEF

## INTRODUCTION

1.      MICHELLE KENDIG and JIM KENDIG ("Named Plaintiffs") bring this action against Defendants EXXONMOBIL OIL CORP. and EXXONMOBIL PIPELINE COMPANY (the "Exxon Defendants"); and PBF ENERGY LIMITED and TORRANCE REFINING COMPANY, LLC (the "PBF Defendants"), and other as of yet unnamed Defendants, alleging unfair business practices and violations of the California Labor Code. Named Plaintiffs bring this action individually and as a proposed class action on behalf of similarly situated current and former employees who have been employed by Defendants at the oil refinery, distribution and pipeline facilities located in or around Torrance, California, in Los Angeles County.

2.      Named Plaintiffs seek class-wide relief under California law for Defendants' breach of its legal obligations to authorize and permit rest periods and to furnish timely and accurate wage statements, pursuant to California Labor Code §§ 226, 226.3, 226.7, and California Industrial Welfare Commission Wage Order No. 1-2001 ("Wage Order 1-2001"), to operators at its California Refineries.

3.      Named Plaintiffs, suing on behalf of themselves, the putative class members, and the general public, also seek restitution and injunctive relief under California law for Defendants' unlawful, unfair, and fraudulent business practices which have deprived its employees of their rights under California labor laws and regulations, in order to reduce its payroll costs and increase profits, in violation of applicable laws.

4.      Named Plaintiffs, suing on behalf of themselves and the putative class members, also seek relief under California's Private Attorneys General Act of 2004, California Labor Code § 2698 *et seq.* ("PAGA").

## THE PARTIES

1.      Named Plaintiff Michelle Kendig is, and at all relevant times was, a competent adult residing in Torrance, California, in Los Angeles County.

2.      Named Plaintiff Jim Kendig is, and at all relevant times was, a competent adult residing in Torrance, California, in Los Angeles County.

3.      Named Plaintiffs are and have been employed by Defendants within the State of California and are "employees" as defined in Wage Order 1-2001. Named Plaintiffs currently are or

1

were employed as operators at Defendants' refinery, distribution, and pipeline facilities. Named Plaintiffs currently reside in the State of California.

4.     Named Plaintiffs bring this action individually and on behalf of the following class of individuals (the "putative class members") (collectively, "Plaintiffs"):

> All current and former hourly employees of ExxonMobil Oil Corporation, ExxonMobil Pipeline Company, PBF Energy Limited, or Torrance Refining Company LLC, who worked a 12-hour rotating shift at the Torrance refinery, distribution and pipeline facilities, since September 18, 2014.

5.     Defendant ExxonMobil Oil Corporation is incorporated in Delaware and does business in California. It is a "person" as defined by California Labor Code § 18 and by California Business and Professions Code § 17201. Defendant ExxonMobil Oil Corporation is an "employer" as that term is used in the California Labor Code and Wage Order 1-2001. ExxonMobil Oil Corporation's headquarters is in Irving, Texas.

6.     Defendant ExxonMobil Pipeline Company is incorporated in Delaware and does business in California. It is a "person" as defined by California Labor Code § 18 and by California Business and Professions Code § 17201. Defendant ExxonMobil Pipeline Company is an "employer" as that term is used in the California Labor Code and Wage Order 1-2001. ExxonMobil Pipeline Company's headquarters is in Spring, Texas.

7.     Defendant PBF Energy Limited is incorporated in Canada and does business in California. It is a "person" as defined by California Labor Code § 18 and by California Business and Professions Code § 17201. Defendant PBF Energy Limited is an "employer" as that term is used in the California Labor Code and Wage Order 1-2001. PBF Energy Limited's headquarters is in Parsippany, New Jersey.

8.     Defendant Torrance Refining Company LLC is incorporated in Delaware and does business in California. It is a "person" as defined by California Labor Code § 18 and by California Business and Professions Code § 17201. Defendant Torrance Refining Company LLC is an "employer" as that term is used in the California Labor Code and Wage Order 1-2001. Torrance Refining Company LLC's headquarters is in Parsippany, New Jersey.

9.     The ExxonMobil Defendants owned and/or operated the refinery, distribution and pipeline facilities in or around Torrance, California, until approximately July 1, 2016. Plaintiffs are

CLASS ACTION COMPLAINT FOR DAMAGES, RESTITUTION AND INJUNCTIVE RELIEF

1  ignorant of the true names and capacities of Defendants sued herein as Does 1 through 10, inclusive, and

2  therefore sue these Defendants by such fictitious names. Plaintiffs will amend this Complaint to allege

3  Doe Defendants' true names and capacities when ascertained.

4      10.    On or about July 1, 2016, the PBF Defendants acquired the Torrance Refinery from the

5  ExxonMobil Defendants. Plaintiffs are ignorant of the true names and capacities of Defendants sued

6  herein as Does 1 through 10, inclusive, and therefore sue these Defendants by such fictitious names.

7  Plaintiffs will amend this Complaint to allege Doe Defendants' true names and capacities when

8  ascertained.

9      11.    Plaintiffs are informed and believe and thereupon allege that, at all relevant times,

10  Defendants and each of them, directly or indirectly, or through an agent or any other person, employed

11  and/or exercised control over the wages, hours, and/or working conditions of Plaintiffs, and that

12  Defendants and each of them were the joint employers of Plaintiffs and/or alter egos of each other.

13  **VENUE**

14      12.    Venue is proper based on the location of work performed by Plaintiffs in Los Angeles

15  County, the location of the Torrance refinery, distribution and pipeline facilities in Los Angeles County,

16  the performance of various contracts pertaining to working conditions at the Torrance refinery,

17  distribution and pipeline facilities by Defendants in Los Angeles County, as well as the location of the

18  commission of the acts alleged herein in Los Angeles County. The relief requested is within the

19  jurisdiction of this Court.

20  **FACTUAL ALLEGATIONS**

21      13.    Defendants have employed Plaintiffs and putative class members as operators at its

22  Torrance refinery, distribution and pipeline facilities. Because the oil refining, distribution, and

23  production process requires constant monitoring, operators work a continuous rotating shift during

24  which time they are never fully relieved from duty.

25      14.    Plaintiffs and the other operators are scheduled for and work 12-hour shifts, during the

26  entirety of which the ExxonMobil Defendants and PBF Defendants have required them to remain on

27  duty.

28      15.    Throughout their shifts, the ExxonMobil Defendants and the PBF Defendants have

CLASS ACTION COMPLAINT FOR DAMAGES, RESTITUTION AND INJUNCTIVE RELIEF

required Plaintiffs and the other operators to monitor the refining process, respond to upsets and critical events, and maintain the safe and stable operation of their units.  In order to do so, Plaintiffs and the other operators are required to remain attentive, carry radios, and be reachable at all times during their shifts. Plaintiffs are also required to remain in contact with supervisors and other employees working in their unit throughout their shifts. As a result, Plaintiffs never receive off-duty breaks because they are constantly and continuously responsible for their units.

16.     Because operators are responsible for their units throughout their shifts, with no designated rest breaks or relief, Defendants have not authorized or permitted Plaintiffs to take off-duty rest breaks for every four-hour work period or major fraction thereof, as required by law.

17.     Defendants do not have a policy or system for providing relief to Plaintiffs to allow them to take off-duty rest breaks.

18.     Defendants have not paid Plaintiffs an extra hour of wages for each work day during which they are not provided the off-duty rest breaks to which they are entitled under California law.

19.     Defendants have also routinely failed to maintain complete and accurate payroll records for Plaintiffs showing, *inter alia*, the gross and net wages earned, including wages for missed rest breaks.

### CLASS ALLEGATIONS

20.     Named Plaintiffs seek, on their own behalf and on behalf of the putative class members, unpaid wages owed as a result of Defendants' failure to authorize and permit rest periods as required by law, plus all other benefits and relief provided by California's labor laws and regulations based on sums withheld from them by Defendants, plus additional penalties as provided by statute. Named Plaintiffs also seek injunctive relief in the form of an order prohibiting the PBF Defendants from requiring their employees to work for work periods of more than four hours or major fraction thereof without authorizing or permitting an off-duty rest period. Named Plaintiffs also seek restitution and disgorgement of all sums wrongfully obtained by Defendants through its unfair business practices in violation of California Business and Professions Code sections 17200 *et seq.*, to prevent Defendants from benefitting from its violations of law and/or acts of unfair competition. Such sums recovered under the Unfair Competition Law are equitable in nature and are not to be considered damages.

CLASS ACTION COMPLAINT FOR DAMAGES, RESTITUTION AND INJUNCTIVE RELIEF

21. This action is appropriate for class treatment pursuant to California Code of Civil Procedure section 382.

22. The proposed class which Named Plaintiffs seek to represent is composed of all current and former hourly employees of ExxonMobil Oil Corporation, ExxonMobil Pipeline Company, PBF Energy Limited, or Torrance Refining Company LLC, who worked a 12-hour rotating shift at the Torrance refinery, distribution and pipeline facilities, since September 18, 2014.

23. The proposed class is estimated to include between 500 and 1,000 members. This proposed class is so numerous that joinder of all such persons is impracticable and the disposition of their claims as a class will benefit the parties and the Court.

24. There is a well-defined commonality of interest in the questions of fact and law involving and affecting the putative class members to be represented by Named Plaintiffs, in that all of these employees have been harmed by Defendants' failure to provide rest periods as required by law.

25. Common questions of fact and law involved in this action include the following:

    a. Whether Defendants failed to authorize and permit Plaintiffs to take rest periods in accordance with applicable California law because they failed to relieve them of all work duties during their shifts;

    b. Whether Defendants failed to keep complete and accurate records of wages for missed rest periods in accordance with applicable California law;

    d. Whether Defendants maintain or have maintained common policies that failed to properly compensate Plaintiffs in accordance with applicable California law for missed rest periods;

    e. Whether Defendants maintain or have maintained policies that adequately provided for off-duty rest periods in accordance with the requirements of applicable California law;

    f. What compensatory damages, injunctive relief, and other equitable relief Plaintiffs are entitled to receive from Defendants; and

    g. Whether Defendants' policies and practices constitute unlawful or unfair business practices under California's Unfair Competition Law.

5

26.     The claims alleged by Named Plaintiffs herein encompass the challenged practices and common courses of conduct of Defendants and are typical of those claims which could be alleged by any member of the proposed class. Named Plaintiffs' claims arise out of the alleged courses of conduct by Defendants and are based on the same legal theories as the claims of the putative class members. The legal issues as to which California laws are violated by such conduct apply equally to Named Plaintiffs and the putative class members. Further, the relief sought by Named Plaintiffs is typical of the relief which would be sought by each member of the proposed class if they were to file separate actions.

27.     Named Plaintiffs are proper representatives of the proposed class because they will fairly and adequately represent and protect the interests of all putative class members and because there are no known conflicts of interest between Named Plaintiffs and any putative class members. Other current and former employees of Defendants are available to serve as class representatives if the Named Plaintiffs are found to be inadequate.

28.     The prosecution of separate actions by individual members of the proposed class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the class, establishing incompatible standards of conduct for Defendants, and resulting in the impairment of putative class members' rights and the disposition of their interests through actions to which they are not parties. This action is manageable as a class action because, compared with other methods such as intervention or the consolidation of individual actions, a class action is fairer and more efficient.

29.     Common issues predominate in that all of Plaintiffs' claims arise out of Defendants' failure to authorize or permit rest periods as required by California law. A class action is superior to other available methods for the fair and efficient adjudication of this controversy because the putative class members have little or no interest in individually controlling the prosecution of separate actions and individualized litigation would increase the delay and expense to all parties and the court system. Furthermore, it is desirable to concentrate the litigation of the claims in this Court because the practices and procedures complained of occurred within this Court's jurisdiction.

30.     Finally, Named Plaintiffs have retained attorneys who are competent and experienced in class action litigation and they intend to prosecute this action vigorously. Therefore, the interests of putative class members will be fairly and adequately protected by Named Plaintiffs and their counsel.

CLASS ACTION COMPLAINT FOR DAMAGES, RESTITUTION AND INJUNCTIVE RELIEF

## ALLEGATIONS OF NAMED PLAINTIFFS

31.   Plaintiff Michelle Kendig works as a Head Operator in the tank farm/oil movement at the Torrance refinery. She has worked at the Torrance refinery for approximately 21 years. She typically works 12-hour shifts on a rotating shift schedule. Defendants have not provided Plaintiff Michelle Kendig with rest breaks during which she is relieved of duty. Instead, throughout her shift, Defendants have required her to monitor her unit, respond to upsets and critical events, and maintain the safe and stable operation of her unit. Defendants have required her to remain attentive, carry a radio, and be reachable at all times during her shift. During her shift, Plaintiff Michelle Kendig is subject to frequent interruption by work-related radio calls and the continuous demands of her work based on the requirements of her job. Defendants also have required Plaintiff Michelle Kendig to remain in contact with supervisors and other employees working in the unit throughout her shift. As a result, Plaintiff Michelle Kendig never receives off-duty breaks because she is constantly and continuously responsible for her unit.

32.   Plaintiff Jim Kendig works as an Operator in the hydrotreater at the Torrance Refinery. He has worked at the Torrance Refinery for approximately 25 years. He typically works 12-hour shifts on a rotating shift schedule.  Defendants have not provided Plaintiff Jim Kendig with designated rest breaks during which he is relieved of duty. Instead, throughout his shift, Defendants have required him to monitor his unit, respond to upsets and critical events, and maintain the safe and stable operation of his unit. Defendants have required him to remain attentive, carry a radio, and be reachable at all times during his shift. During his shift, Plaintiff Jim Kendig is subject to frequent interruption by work-related radio calls and the continuous demands of his work based on the requirements of his job. Defendants have also required Plaintiff Jim Kendig to remain in contact with supervisors and other employees working in their unit throughout his shift. As a result, Plaintiff Jim Kendig never receives off-duty breaks because he is constantly and continuously responsible for his unit.

///

///

///

///

CLASS ACTION COMPLAINT FOR DAMAGES, RESTITUTION AND INJUNCTIVE RELIEF

## FIRST CAUSE OF ACTION

FAILURE TO AUTHORIZE AND PERMIT REST PERIODS

(Lab. Code § 226.7; Wage Order 1-2001)

(By All Named Plaintiffs and the Putative Class Members Against All Defendants)

33.    Named Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 32 above as if repeated here in full.

34.    California Labor Code sections 226.7 and Wage Order 1-2001, subd. 12(A), require employers to authorize and permit employees to take an off-duty, uninterrupted 10-minute rest period for every four hours of work or major fraction thereof. Under both California Labor Code section 226.7 and Wage Order 1-2001 section 12(B), if an employer fails to provide an employee a rest period in accordance with applicable California law, the employer must pay the employee one hour of pay at the employee's regular rate of compensation for each day in which the required rest periods were not provided.

35.    Employers must authorize and permit employees to take 10 minutes in rest breaks for shifts lasting more than three and half hours and up to six hours, 20 minutes for shifts lasting more than six hours and up to 10 hours, and 30 minutes for shifts lasting more than 10 hours. *See Brinker Rest. Corp. v. Superior Court*, 53 Cal. 4th 1004, 1009 (2012). During the required rest periods, employers must relieve their employees of all duties and relinquish any control over how employees spend their break time, including the obligation that an employee remain on call. *Augustus v. ABM Security Services, Inc.*, No. S224853, 2016 WL 7407328, at *1 (Cal. Dec. 22, 2016).

36.    Plaintiffs and the putative class members regularly worked for Defendants for periods of more than three and one-half hours and up to six hours when they were not authorized or permitted to take a 10-minute rest break, more than six hours and up to 10 hours when they were not authorized or permitted to take two 10-minute rest breaks, and more than 10 hours when they were not authorized or permitted to take three 10-minute rest breaks.

37.    Defendants have a policy or practice of failing to authorize and permit Plaintiffs and putative class members to take the rest periods to which they are entitled under California law.

38.    Defendants have a policy and practice of failing to pay Plaintiffs and the putative class

8

members who were not provided with a rest period as required an additional one hour of compensation at each employee's regular rate of pay.

39. As a result of Defendants' unlawful practices, Named Plaintiffs and putative class members have sustained economic damages, including, but not limited to, unpaid wages and lost interest, in an amount to be established at trial, and are entitled to recover economic and statutory damages and penalties and other appropriate relief from Defendants' violations of the California Labor Code and Wage Order 1-2001.

WHEREFORE, Plaintiffs pray for judgment as set forth herein below.

## SECOND CAUSE OF ACTION

### FAILURE TO FURNISH ACCURATE WAGE STATEMENTS

(Lab. Code § 226; Wage Order 1-2001)

(By All Named Plaintiffs and the Putative Class Members Against All Defendants)

40. Named Plaintiffs reallege and incorporate by reference paragraphs 1 through 39, above, as though fully set forth herein.

41. Named Plaintiffs are informed and believe that, at all relevant times, Defendants have knowingly and intentionally failed to furnish Named Plaintiffs and the putative class members with complete and accurate itemized statements, as required by California Labor Code section 226(a). The wage statements, among other things, failed to accurately provide the gross or net wages earned, including the required premium wages earned for missed rest periods, as required by California Labor Code sections 226(a)(1) and (2).

42. As a result of the Defendants' conduct as alleged above, Named Plaintiffs and the putative class members are each entitled under California Labor Code section 226(e) to recover the greater of actual damages or $50 for the initial pay period in which a violation occurred and $100 for each subsequent pay period in which Defendants failed to comply with the statute, up to a maximum of $4,000 per employee.

WHEREFORE, Named Plaintiffs pray for judgment as set forth herein below.

///

///

CLASS ACTION COMPLAINT FOR DAMAGES, RESTITUTION AND INJUNCTIVE RELIEF

### THIRD CAUSE OF ACTION

PRIVATE ATTORNEYS GENERAL ACT

(Lab. Code § 2698 *et seq.*)

(By All Named Plaintiffs and the Putative Class Members Against the PBF Defendants)

43.     Named Plaintiffs reallege and incorporate by reference paragraphs 1 through 42, above, as though fully set forth herein.

44.     Each of the Named Plaintiffs is an "aggrieved employee" within the meaning of California Labor Code § 2699(c), and a proper representative to bring a civil action on behalf of himself/herself and other current and former employees of the PBF Defendants pursuant to the procedures specified in California Labor Code § 2699.3, because Plaintiffs was employed by the PBF Defendants and the alleged violations of the California Labor Code were committed against Plaintiffs.

45.     The California Private Attorneys General Act of 2004, Labor Code § 2698 *et seq.* ("PAGA"), provides that "[n]otwithstanding any other provision of law, any provision of this code that provides for a civil penalty to be assessed and collected by the Labor and Workforce Development Agency … for a violation of this code, may, as an alternative, be recovered through a civil action brought by an aggrieved employee on behalf of himself or herself and other current or former employees …." Lab. Code § 2699(a).

46.     Named Plaintiffs allege, on behalf of themselves and other current and former employees of the PBF Defendants, that the PBF Defendants have violated, among other statutes and regulations, California Labor Code sections 226 and 226.7 and Wage Order 1-2001.

47.     Pursuant to Labor Code § 2699(a) Plaintiffs seek to recover civil penalties, as otherwise provided by statute, for which the PBF Defendants are liable as a result of the foregoing violations of the Labor Code sections in an amount to be proven at trial, including, but not limited to, penalties under Labor Code sections 226.3, 558, and 2699(f) and Wage Order 1-2001. Plaintiffs are also entitled to an award of reasonable attorneys' fees and costs pursuant to Labor Code § 2699(g)(1).

48.     Named Plaintiffs are in the process of exhausting their administrative remedies as required by Labor Code section 2699.3(a). Named Plaintiffs have provided written notice to the Labor and Workforce Development Agency ("LWDA") and the PBF Defendants as to the claims alleged herein, namely, the specific provisions of the California Labor Code, among other state statutes and

10

1   regulations, that the PBF Defendants are alleged to have violated, as well as the facts and theories

2   supporting those violations. When Plaintiffs' administrative remedies are exhausted, Plaintiffs will

3   amend the Complaint.

4   **FOURTH CAUSE OF ACTION**

5   UNFAIR BUSINESS PRACTICE AND UNFAIR COMPETITION

6   (Bus. & Prof. Code § 17200 *et seq.*)

7   (By All Named Plaintiffs and the Putative Class Members Against All Defendants)

8   49.     Named Plaintiffs reallege and incorporate by reference paragraphs 1 through 48, above,

9   as though fully set forth herein.

10   50.     This claim is brought by the Named Plaintiffs on behalf of themselves, the putative Class,

11   and the general public, pursuant to Business and Professions Code § 17200 *et seq.*

12   51.     The California Unfair Competition Law ("UCL"), Business and Professions Code section

13   17200 *et seq.*, defines unfair competition to include any unlawful, unfair, or fraudulent business act or

14   practice. The UCL "borrows violations" from other statutes and authorizes any person who has suffered

15   injury in fact and who has lost money or property as a result of such unfair business practices to bring an

16   action for relief under the statute.

17   52.     Plaintiffs are "persons" within the meaning of Business and Professions Code § 17204,

18   with standing to bring this suit for injunctive relief, restitution, disgorgement, and other appropriate

19   equitable relief on behalf of all similarly-situated employees and on behalf of the general public.

20   53.     Labor Code § 90.5(a) sets forth the public policy of this State to enforce minimum labor

21   standards vigorously, to ensure that employees are not required or permitted to work under substandard

22   and unlawful conditions, and to protect employers who comply with the law from those who attempt to

23   gain a competitive advantage by failing to comply with minimum labor standards.

24   54.     Through the conduct alleged herein, Defendants have acted contrary to these public

25   policies, have violated specific provisions of the Labor Code, and have engaged in other unlawful and

26   unfair business practices in violation of Business and Professions Code § 17200 *et seq.*, depriving

27   Named Plaintiffs, the putative class members, and other interested persons of rights, benefits, and

28   privileges guaranteed to all employees in California.

11

CLASS ACTION COMPLAINT FOR DAMAGES, RESTITUTION AND INJUNCTIVE RELIEF

55. Beginning on an exact date unknown to Named Plaintiffs, but since at least the four years preceding the filing of this Complaint and up to the present, Defendants have committed acts of unfair competition proscribed by the UCL, including the acts and practices alleged herein. Defendants have engaged in unlawful and unfair business practices including, but not limited to, violations of:

a. California Labor Code sections 226.7 (rest periods);

b. California Labor Code section 226 (failure to furnish accurate wage statements); and

c. Wage Order No. 1-2001 (rest periods).

56. Named Plaintiffs are informed and believe, and thereupon allege, that by engaging in the unfair and unlawful business practices alleged herein, Defendants were able to lower their labor costs and thereby obtain a competitive advantage over law-abiding employers with whom they compete, in violation of the UCL.

57. Defendants' violations of these laws serve as unlawful predicate acts that resulted in economic harm and injury in fact to Named Plaintiffs and putative class members for purposes of the UCL and the remedies provided therein. As a direct and proximate result of their unfair business practices, Defendants received and continues to hold ill-gotten gains belonging to Named Plaintiffs and the putative class members and Defendants have profited in that amount from their unlawful practices.

58. Business and Professions Code section 17203 provides that a court may restore to any person in interest any money or property which may have been acquired by means of such unfair competition and order disgorgement of all profits gained by operation of the unfair business practices. Named Plaintiffs and the putative class members are entitled to restitution pursuant to Business and Professions Code sections 17203 and 17208 for all wages and other monies, excluding penalties provided under the California Labor Code, unlawfully withheld from them since the four years preceding the filing of this Complaint and up to the present.

59. Named Plaintiffs' success in this action will enforce important rights affecting the public interest and, in that regard, they sue individually and on behalf of other similarly situated employees. Named Plaintiffs therefore seek restitution of all lost wages and work benefits, plus interest, disgorgement of all profits that Defendants have enjoyed as a result of their unfair and unlawful business practices, and any other relief to which they and putative class members are entitled under the UCL.

CLASS ACTION COMPLAINT FOR DAMAGES, RESTITUTION AND INJUNCTIVE RELIEF

WHEREFORE, Named Plaintiffs pray for judgment as set forth herein below.

## PRAYER FOR RELIEF

Plaintiffs pray for relief as follows:

1.   For an order certifying the First, Second, and Fourth Causes of Action as a class action;

2.   For an order designating Named Plaintiffs as class representatives with respect to the certification of the First, Second, and Fourth Causes of Action as a class action;

3.   For an order designating Named Plaintiffs' counsel of record as class counsel with respect to the certification of the First, Second, and Fourth Causes of Action as a class action;

4.   For an award of all unpaid wages due to Named Plaintiffs and putative class members during the statutory period as defined by the Court at the time of certification;

5.   For an award of one hour of pay at each employee's regular rate of pay for each work day during which they were not provided with the requisite rest periods in accordance with California law during the statutory period as defined by the Court at the time of certification;

6.   For an award of damages pursuant to California Labor Code section 226(e);

7.   For an award of statutory and civil penalties pursuant to California Labor Code section 2699 equal to the penalties provided in Labor Code §§ 226.3, 558, and 2699(f) and Wage Order 1-2001 and pursuant to California Business & Professions Code section 17206;

8.   For an order to pay restitution to Plaintiffs and putative class members as a result of Defendants' unlawful activities, pursuant to Business and Professions Code section 17203;

9.   For preliminary and permanent injunctive relief enjoining the PBF Defendants from violating the relevant provisions of the California Labor Code and the IWC Wage Orders, and from engaging in the unlawful business practices complained of herein;

10.   For an award of disgorgement of profits and all other appropriate equitable relief, as authorized by California Business & Professions Code section 17203;

11.   For declaratory relief;

12.   For prejudgment and postjudgment interest on all sums awarded;

13.   For an award of attorneys' fees and costs incurred in the filing and prosecution of this action, as provided by Labor Code sections 226(e), 226(h) and 2699, California Code of Civil Procedure section 1021.5 and any other appropriate statutes;

13

14.   For costs of suit; and

15.   For such other and further relief as the Court may deem proper and just.

Dated: September 18, 2018                    **GILBERT & SACKMAN, A Law Corporation**

By: _____
Joshua F. Young
Attorneys for Plaintiffs

CLASS ACTION COMPLAINT FOR DAMAGES, RESTITUTION AND INJUNCTIVE RELIEF

## DEMAND FOR JURY TRIAL

Named Plaintiffs Michelle Kendig and Jim Kendig, individually and on behalf of all similarly situated current and former employees of Defendants, hereby request a jury trial on all claims so triable.

Dated: September 18, 2018                    Respectfully submitted,

                                             **GILBERT & SACKMAN**
                                             A Law Corporation


                                             By: _____
                                             Joshua F. Young
                                             Attorneys for Plaintiffs

15