JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHELLE KENDIG and JIM KENDIG, individually and on behalf of similarly situation current and former employees,<br><br>Plaintiffs,<br><br>vs.<br><br>EXXONMOBIL OIL CORP.; EXXONMOBIL PIPELINE COMPANY; PBF ENERGY LIMITED; TORRANCE REFINING COMPANY, LLC; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. 2:18-cv-9224-MWF-(SSx)<br><br>Before the Honorable Michael W. Fitzgerald<br><br>**JUDGMENT GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND DISMISSING CLAIMS** |

This above-entitled matter came before the Honorable Michael W. Fitzgerald, United States District Judge, presiding in Courtroom 5A of the above entitled Court, pursuant to two motions filed by Plaintiffs Michelle Kendig and Jim Kendig ("Plaintiffs"). The first was Plaintiffs' Motion for Final Approval of Settlement Agreement, filed on August 3, 2020. (Docket No. 48). The second was Plaintiffs' Motion for Attorney Fees and Reimbursement Costs, also filed on August 3, 2020. (Docket No. 47).

On August 6, 2020, Defendants ExxonMobil Oil Corp., ExxonMobil Pipeline Company, PBF Energy Limited, and Torrance Refining Company LLC ("Defendants"), filed a Non-Opposition. (Docket No. 49). The Court entered an order on May 11, 2020, granting preliminary approval of the Settlement Agreement (the "Preliminary Approval Order"). (Docket No. 43).

The Court held a Final Approval Hearing on August 17, 2020, at 10:00 a.m., to determine whether to grant the Settlement Motion and the Fee Motion. The Court finds that the Parties have complied with the Preliminary Approval Order and that the Settlement Agreement is fair, adequate, and reasonable.

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that judgment on the merits be entered as follows:

**1.     Incorporation of Defined Terms and the Settlement Agreement**

The proposed settlement agreement (the "Settlement Agreement" or "Agreement") is attached to the Declaration of Randy Renick ("Renick Decl.") as Exhibit 1. (Docket No. 48-1)). The Court, for purposes of this Judgment Granting Final Approval of Class Action Settlement and Dismissing Claims (the "Final Judgment"), adopts the terms and definitions set forth in the Agreement.

**2.     Release**

The Agreement contains language releasing Defendants from "any and all claims, judgment, liens, losses, debts, liabilities, demands, obligations, guarantees, penalties, costs, expenses, attorneys' fees, damages, indemnities, actions, causes of action, and obligations of every kind and nature in law, equity or otherwise, known or unknown, . . . occurring up to the execution of this Settlement Agreement and arising out of the dispute which is the subject of the Class Action or which could have been asserted in the Class Action based on the facts alleged." (Agreement ¶ 60). All Released Claims of Plaintiffs and the Class are hereby released as against Defendants and all other Released Parties as defined in the Settlement. As of the Effective Date of the Settlement, as defined in the Settlement, all of the Released

Claims of each Class Member who did not timely opt out, as well as the Class Representatives' Released Claims, are and shall be deemed to be conclusively released as against Defendants.  Except as to such rights or claims that may be created by the Settlement, all Class Members as of the date of this Judgment who did not timely opt out are hereby forever barred and enjoined from commencing or prosecuting any of the Released Claims, either directly, representatively or in any other capacity, against Defendants.

### 3. Retention of Jurisdiction

Without affecting the finality of the Court's judgment in any way, the Court retains jurisdiction over this matter for purposes of resolving issues relating to the interpretation, administration, implementation, effectuation, and enforcement of the Agreement.

### 4. Dismissal of Action

This action is dismissed with prejudice as against Defendants.  Each side is to bear its own costs and attorneys' fees except as provided by the Agreement and Order Granting Final Class Settlement Approval and Attorneys' Fees.

### 5. Terms of the Agreement & Claims Administration

The parties and the Claims Administrator are hereby ordered to comply with the terms of the Agreement.  Additionally, the Claims Administrator, CAC Services, is hereby ordered to submit a follow-up report detailing the status of claims administration on April 19, 2021.

### 6. Final Judgment

This document constitutes a final judgment and separate document for purposes of Federal Rule of Civil Procedure 58(a).  The Court finds, pursuant to Rules 54(a) and (b) of the Federal Rules of Civil Procedure, that this Final Judgment should be entered and that there is no just reason for delay in the entry of this Final

///

///

Judgment as to Plaintiffs and the Class and Defendants.  Accordingly, the Clerk is hereby directed to enter Judgment forthwith.

DATED:  August 24, 2020

_____
MICHAEL W. FITZGERALD
United States District Judge